United States District Court
For the Northern District of California

|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

IGNACIO MORA JIMENEZ and MARIA ANGELICA BERBER MACIAS,

          Petitioners,

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security, NANCY ALCANTAR, Field Office Director, Immigration and Customs Enforcement, and ALBERTO GONZALES, Attorney General of the United States,

          Respondents.

No. C 06-4790 SBA

**ORDER**

[Docket No. 12]

      This is a habeas case filed by Petitioners, natives and citizens of Mexico, to attack a final removal order issued by an Immigration Judge and affirmed by the Board of Immigration Appeals. The Court dismissed the case because it lacked jurisdiction to hear Petitioners' challenge to their final removal orders under the Real ID Act of 2005, which eliminated habeas corpus review of removal decisions in the district courts. *See* 8 U.S.C. § 1252(a)(5). Petitioners have now filed a notice of appeal, which this Court construes as an application for a certificate of appealability (hereinafter "COA"). *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).

      A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3).

      "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). In this case, however, the dismissal was on a question antecedent to the merits.

Although section 2253(c) also applies to non-merits decisions such as the ruling in this case, the application to such dismissals is somewhat more complex. *See Slack*, 120 S.Ct. at 1603. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because Petitioners challenged the final removal orders, a challenge that the Court does not have jurisdiction to hear under the Real ID Act. Therefore, reasonable jurists would not find the Court's Order debatable or wrong. The request for a COA will be denied.

For the foregoing reasons, the Court DENIES Petitioners' request for a COA [Docket No. 12]. The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file with this Order. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: 8/14/06

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge